UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RHAEQHUAN MONT,

        Plaintiff,

    -v-                        9:22-CV-215

M. WELLS and C.O. COOK,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

RHAEQHUAN MONT
Plaintiff, Pro Se
20-A-0574
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. LETITIA JAMES            ANTHONY HUNTLEY, ESQ.
New York State Attorney General   Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

    On March 7, 2022, *pro se* plaintiff Rhaeqhuan Mont ("plaintiff"), then an inmate in the custody of the New York State Department of Corrections and Community Supervision, filed this 42 U.S.C. § 1983 action alleging that

defendants violated his civil rights while he was confined at Clinton Correctional Facility in Dannemora, New York. Dkt. No. 1. Along with his complaint, plaintiff also sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On April 4, 2022, this Court granted plaintiff's IFP Application, dismissed certain claims and certain defendants, and sent the parties to discovery on plaintiff's Eighth Amendment excessive force claims against defendants Cook and Wells. Dkt. No. 5. Those two defendants answered, Dkt. No. 11, and the parties entered a brief period of discovery, Dkt. No. 13.

On February 6, 2023, defendants moved for summary judgment under Federal Rule of Civil Procedure ("Rule") 56 based on, *inter alia*, plaintiff's alleged failure to exhaust his administrative remedies. Dkt. No. 15. Plaintiff failed to respond in opposition to the motion, and repeated attempts to contact him about this litigation proved fruitless, Dkt. Nos. 16, 17, 18, 19.

On June 5, 2023, U.S. Magistrate Judge Andrew T. Baxter conducted a careful review of the record and advised by Report & Recommendation ("R&R") defendants' motion be granted in part and denied in part. Dkt. No. 20. In particular, Judge Baxter recommended that plaintiff's Eighth Amendment excessive force claim against defendant Wells be dismissed with prejudice. *Id.* Judge Baxter also recommended that plaintiff's excessive force claim against defendant Cook based on the December 5, 2021 incident be

dismissed. *Id.* However, Judge Baxter advised that plaintiff's excessive force claim against defendant Cook "for allegedly orchestrating the December 5, 2021, and/or December 20, 2021 assaults on plaintiff by other inmates" be denied subject to an exhaustion hearing. *Id.*

Importantly, though, Judge Baxter also recommended that plaintiff's complaint be *sua sponte* dismissed in its entirety unless plaintiff submitted updated contact information and an adequate statement of justification explaining why he has failed to communicate with the Court for at least five months. Dkt. No. 20. As Judge Baxter explained, the Court has received "no direct communication from plaintiff" since he was released from State custody on December 29, 2022. *Id.*

In that time, plaintiff has failed to file the change-of-address notifications required by the Local Rules and prior Orders of this Court. Dkt. No. 20. This failure has made it impossible to proceed with the litigation. *Id.* Out of an abundance of caution, Judge Baxter extended plaintiff's time to respond with any objections to his R&R by an extra thirty days and ordered plaintiff to (1) update his current mailing address with he Court; (2) advise the Court in writing of the circumstances justifying his failure to communicate with the Court for the past five months; and (3) explain whether he intended to continue to prosecute this litigation. *Id.*

Plaintiff has not filed objections or responded to any of Judge Baxter's directives, and the time period in which to do so has expired. *See* Dkt. No. 20. As with other attempts to communicate with plaintiff, a copy of Judge Baxter's R&R to the plaintiff's mailing address on file has been returned as undeliverable. Dkt. No. 21.

Plaintiff chose to file this action. It is his obligation to prosecute it. This obligation also includes following the Local Rules and Orders about updating contact information so that the Court can communicate with him. As Judge Baxter already determined, there is no reason to proceed on the remaining claims in this litigation if plaintiff does not re-establish communication with the Court. Plaintiff failed to do so for a substantial period of time. And despite another opportunity to cure the problem, he has again failed to do so.

Therefore, upon review for clear error, the R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED; and

2. Plaintiff's complaint is *sua sponte* DISMISSED in its entirety for failure to prosecute and/or comply with the Local Rules.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: July 6, 2023
       Utica, New York.

David N. Hurd
U.S. District Judge